**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD DICKERSON,
Petitioner,

v.

STEVENS SHIPPING & TERMINAL

COMPANY; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-2521

On Petition for Review of an Order
of the Benefits Review Board.
(95-899)

Submitted: May 15, 1997

Decided: June 4, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P.,
North Charleston, South Carolina, for Petitioner. Stephen E. Darling,
SINKLER & BOYD, P.A., Charleston, South Carolina, for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Dickerson appeals the decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) award of permanent partial disability benefits under the Longshore and Harbor Workers' Compensation Act (Act), 33 U.S.C. §§ 901-50 (West 1994 & Supp. 1997).* The only issue in this appeal is whether substantial evidence supports the ALJ's finding that Dickerson's injury is to his left arm, and thus covered by the "schedule" found at section 908(c)(1) of the Act. Dickerson maintains that the ALJ erred by failing to find that he injured his left shoulder, even though his functional limitations are to his arm. If Dickerson's injury is to his shoulder, his benefits are properly calculated outside the schedule, under section 908(c)(21) of the Act.

Although Dickerson contends that his testimony that he injured his shoulder rather than his arm is unrebutted, the ALJ rationally concluded that the medical evidence of record supports the conclusion that he injured his arm. Dickerson reported to Dr. Graham, his treating physician, that he injured his arm. Dr. Graham's examination revealed only injury to the upper left arm, and he emphasized in his report that the injury and impairment both involved only the arm. Dr. Price, who also examined Dickerson, expressed a corroborative opinion.

The reports of Drs. Schimenti and Hogan were more ambiguous. Each noted Dickerson's reports of injury to both his shoulder and his arm, but diagnosed impairment of the arm only. In discounting these reports, the ALJ acknowledged that he could award benefits under

_____

*The Board issued no opinion in this case. Its affirmed the ALJ's decision automatically pursuant to section 921 of the Act when it did not issue a decision within one year of the filing of Dickerson's appeal.

2

section 908(c)(21) where the injury occurred to a body part not covered by the schedule but manifested itself in a part covered by the schedule. See Andrews v. Jeffboat, 23 BRBS 169, 173 (1990). He also recognized, however, that evidence of physical harm was relevant to the determination of the location of the injury. Moreover, he properly accorded greatest weight to the opinion of Dickerson's treating physician, based on his greater familiarity with the claimant and the fact that he examined Dickerson closer to the time of his accidents.

In short, while the record contains conflicting evidence regarding the location of Dickerson's injury, substantial evidence supports the credibility determinations and inferences made by the ALJ in this case. See See v. Washington Met. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (discussing standard of review). Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3